

# NUMBER 13-25-00018-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

GOLDEN RULE SALES
AND ELIA MARIN,                                               Appellants,

v.

FELIPE AVILA JR.,                                               Appellee.

## ON APPEAL FROM THE COUNTY COURT AT LAW NO. 1
## OF HIDALGO COUNTY, TEXAS

# MEMORANDUM OPINION

**Before Justices Silva, Peña, and Cron**
**Memorandum Opinion by Justice Silva**

This matter is before the Court on appellants' opposed amended motion for extension of time to file their notice of appeal and appellee's response. We are of the opinion that this Court lacks jurisdiction over the matter.

On September 18, 2024, the trial court entered a final judgment in this matter. Appellants timely filed a motion for new trial on October 17, 2024. Appellants then filed an untimely notice of appeal on January 14, 2025. *See* TEX. R. APP. P. 26.1(a)(1). On January 14, 2025, the Clerk of the Court notified appellants that it appeared that the appeal was not timely perfected. Appellants were advised that the appeal would be dismissed if the defect was not corrected within ten days from the date of receipt of the Court's directive. *See id.* R. 42.3. On January 14, 2025, appellants filed an opposed motion for extension of time to file a notice of appeal and an amended motion for extension of time to file a notice of appeal on January 22, 2025.

Appellants' motion and amended motion for extension of time to file a notice of appeal were filed more than fifteen days after the deadline for filing the notice of appeal and are therefore untimely. *See id.* R. 26.3. We are to construe the rules of appellate procedure reasonably and liberally so that the right to appeal is not lost by imposing requirements not absolutely necessary to effectuate the purpose of a rule. *See Verburgt v. Dorner*, 959 S.W.2d 615, 616–617 (Tex. 1997). Nevertheless, we are prohibited from enlarging the scope of our jurisdiction by enlarging the time for perfecting an appeal in a civil case in a manner not provided for by rule. *See* TEX. R. APP. P. 2; *In re T.W.*, 89 S.W.3d 641, 642 (Tex. App.—Amarillo 2002, no pet.).

Texas Rule of Appellate Procedure 42.3 permits an appellate court to dismiss the appeal for want of jurisdiction for failure to comply with a requirement of the appellate rules. *See* TEX. R. APP. P. 42.3(a). Appellants' notice of appeal was untimely, and appellants' motions for extension of time to file the notice of appeal were also untimely.

2

The Court, having considered the documents on file and appellants' motions for extension of time to file the notice of appeal, is of the opinion that we lack jurisdiction over the appeal. Accordingly, we dismiss both motions for extension of time to file a notice of appeal and the appeal is dismissed for want of jurisdiction. *id*

CLARISSA SILVA
Justice

Delivered and filed on the
6th day of February, 2025.